US DISTRICT COURT INDEX SHEET










TKL     7/27/06

3:06-CV-1486 FORSYTH V. HARLEY-DAVIDSON

*1*

*CMP*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

FILED
06 JUL 24 PM 4:23

[U.S. DISTRICT COURT stamp]

BY _____ DEPUTY

| | |
|---|---|
| MICHELE FORSYTH, individually and as personal representative of the Estate of the Decedent, SCOTT ALAN FORSYTH,<br><br>Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin Corporation,<br><br>Defendant. | Case No. 06 CV 1486 JM  LSP<br><br>**COMPLAINT FOR WRONGFUL DEATH**<br><br>**JURY TRIAL DEMANDED** |

Now come the Plaintiffs, MICHELE FORSYTH, individually and as Personal Representative of the Estate of Scott Alan Forsyth, deceased, and on behalf of Jessica Marie Forsyth and James Edward Francis Forsyth, and submits this First Complaint for damages against HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin Corporation, Defendant named herein:

### NATURE OF THE CASE

1. This is an action for damages for the wrongful death of Scott Alan Forsyth.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because a substantial part of the events giving rise to the claim occurred in this District.

### THE PARTIES

4. Plaintiff MICHELE FORSYTH is the Personal Representative of the Estate of Scott



Alan Forsyth, deceased, having been so appointed by the Probate Court for the County of Genesee, State of Michigan. At all times herein mentioned Michele Forsyth is and was a citizen of the State of Michigan and the decedent, Scott Alan Forsyth, at the time of his death on August 7, 2005, was a citizen of the State of Michigan.

5.  Defendant HARLEY-DAVIDSON MOTOR COMPANY, INC. is a Wisconsin Corporation, is a citizen of the State of Wisconsin where it has its home offices and principal place of business, and which does a substantial amount of business in the State of California and in this District.

## GENERAL ALLEGATIONS

6.  The events described in the following paragraphs, which pertain to the accident, occurred on August 7, 2005 shortly after midnight.

7.  Decedent was the driver of a 2000 Harley-Davidson riding in a generally westbound direction on SR 78 approximately 660 feet west of Springview Road, San Diego County, California.

8.  At said time and place, Defendant so negligently manufactured and designed the Decedent's vehicle, and so negligently warned Decedent of the known design and/or manufacturing flaw, so as to cause Decedent's vehicle to leave the roadway, thereby proximately causing hereinafter the described injuries and damages to decedent.

9.  The negligence of Defendant was a direct and proximate cause of the Decedent's untimely death.

10. As a further direct and proximate result of said negligent and careless conduct of the Defendant, Plaintiffs sustained a loss of Decedent's earnings and/or earning capacity.

11.  As a further direct and proximate result of said negligent and careless conduct of the aforementioned Defendant, Plaintiffs have been deprived of the Decedent's love, comfort, society, protection, services and support, thereby proximately causing Plaintiffs' general damages in a sum to be ascertained according to proof.

12.  Plaintiffs herein anticipate the filing of an Offer of Judgment pursuant to Fed Rules Civ Proc R 68 and upon filing of said offer are entitled to interest on the amount of any judgment obtained in favor of Plaintiffs Provided that said judgment exceeds the amount stated in said Offer, said interest to be computed from the date of filing of said Offer of Judgment.

13.  As a further direct and proximate result of the conduct of Defendant, Plaintiffs have incurred damages attributable to an ascertainable economic value as herein alleged.  Plaintiffs are thus entitled to prejudgment interest on said damages attributable to an ascertainable economic value pursuant to California Civil Code § 3288.

## FIRST CAUSE OF ACTION - NEGLIGENCE - WRONGFUL DEATH
## CODE OF CIVIL PROCEDURE §377.20

14.  Plaintiffs incorporate by reference all prior paragraphs as if the matters set forth therein were repeated verbatim.

15.  At all times herein mentioned, Defendant was engaged in the business of designing, manufacturing, assembling, testing, inspecting, packaging, labeling, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, supplying, and selling said 2000 Harley-Davidson motorcycle, and all component parts thereof, for sale to and use by members of the general public for the purpose of transportation.

16.  At all times herein mentioned, Defendant knew or in the exercise of ordinary and

reasonable care should have known, that the said Decedent's vehicle was a product of such a nature that if it was not properly designed, manufactured, recommended, advertised, promoted, marketed, supplied, and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

17. The Defendant so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold said Decedent's vehicle, and all component parts thereof, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended by the Defendant.

18. The defective and dangerous character and condition of Decedent's vehicle, and that is was unsafe for the use and purpose for which it was intended when used as recommended by the Defendant was known to the Defendant. Furthermore, the dangerous and defective character and condition of Decedent's vehicle was not made known to the Decedent by the Defendant in time for the Decedent to have reasonably acted thereon.

19. On or about August 7, 2004, while Decedent was using the aforementioned motorcycle for the purpose for which it was intended, and as a proximate result of the said negligence and carelessness of the Defendant, Decedent's vehicle, and all components thereof, was caused to fatally injure Decedent.

20. As a result of the aforementioned injuries, Plaintiffs have been generally damaged in a sum in excess of Seventy Five ($75,000.00) Dollars exclusive of interest, costs, and attorney fees.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION - NEGLIGENCE PER SE - WRONGFUL DEATH

21.    Plaintiff incorporates by reference all the prior paragraphs as if the matters set forth therein were repeated verbatim.

22.    Defendant is negligent *per se*, directly and/or vicariously, and is thus liable for Plaintiffs' injuries.

23.    Defendant, while designing, manufacturing, assembling, testing, inspecting, packaging, labeling, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, supplying, and selling said 2000 Harley-Davidson motorcycle, and all component parts thereof violated federal statutes, including but not limited to Title 49 United States Code, Section 301 and/or regulations propounded thereunder, as well as state statutes and/or regulations that were intended to protect a class of persons, including Decedent, and that were intended to protect the interests of the public and Decedent while using Decedent's vehicle.

24.    The purpose of such statutes and/or regulations is to protect the interests of the public, the Decedent, and the Plaintiff against the kind of harm that resulted from Defendant's actions and inactions as set forth herein.

25.    The purpose of such statutes and/or regulations is to protect the interests of the public, the Decedent, and the Plaintiff against the particular hazard caused by Defendant's actions and inactions which caused the Plaintiff's injuries.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY

- 5 -

26. Plaintiff incorporates by reference all prior paragraphs as if the matters set forth therein were repeated verbatim.

27. At all times herein mentioned, on and prior to October 11, 2003, the date of sale of the aforementioned motorcycle to Decedent and Plaintiff Michele Forsyth, the Defendant utilized advertising media, professional publications and detail persons to urge the use and purchase of said motorcycle to members of the general public, including the Decedent herein, that Decedent's vehicle was effective, proper and safe for its intended use.

28. Decedent relied upon the said express warranty representations of the Defendant in the purchase and use of said motorcycle.

29. Decedent's vehicle was not effective, proper and safe for its intended use as expressly warranted by Defendant's in that Decedent's vehicle was defective, thereby causing Decedent's untimely death when Decedent's vehicle was being put to its intended use.

30. Prior to Decedent's death Defendant was aware of its own breach of express warranty and did not take reasonable steps to notify Decedent of same in a timely fashion prior to Decedent's death.

31. As a proximate result of the breach of the said express warranty, Decedent sustained fatal injuries and damages herein above set forth.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as hereinafter set forth.

## FOURTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY

32. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if the matters set forth therein were repeated verbatim.

33. Prior to October 11, 2003, the date of sale of the aforementioned motorcycle to

Decedent and Plaintiff Michele Forsyth, and prior to its original sale, and prior to the time that the said motorcycle was being used by the Decedent at the time of the subject incident, the Defendant impliedly warranted to members of the general public, including Decedent, that the said motor vehicle was of merchantable quality and safe for the use for which it was intended by the Defendant, namely for the purpose of transportation.

34.     Decedent relied on the skill and judgment of the Defendant in the selection, purchase and use of the said motorcycle, and all component parts thereof, including but not limited to the said circuit breaker, and all component parts thereof.

35.     Decedent's vehicle and all component parts thereof, was not safe for its intended use nor was it of merchantable quality as warranted by Defendant in that it was defectively designed and manufactured, thereby dangerously exposing the user of said motorcycle and those around it to serious injury and death.

36.     As a proximate result of the breach of the said implied warranty, Decedent sustained fatal injuries and damages herein above set forth.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as hereinafter set forth.

### FIFTH CAUSE OF ACTION - STRICT PRODUCTS LIABILITY

37.     Plaintiff incorporates by reference all prior paragraphs as if the matters contained therein were repeated verbatim.

38.     At all times herein mentioned when Defendant designed, manufactured, assembled, tested, inspected, packaged, labeled, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, supplied, and sold said 2000 Harley-Davidson motorcycle, and all component parts thereof including but not limited to the aforementioned circuit breaker and all component parts

thereof, as hereinbefore set forth, the Defendant impliedly represented to and members of the general public including Decedent, that the said motorcycle, and all component parts thereof, was of merchantable quality and safe for the use for which it was intended.

39. Decedent relied upon said representations of Defendant in the selection, purchase and use of said motorcycle.

40. Said representations by Defendant were false and untrue, in that Decedent's motorcycle was not safe for its intended use, nor in that it had very dangerous properties and defects that caused injury and damage to the users of said product, including Decedent, thereby threatening the health and life of the Decedent.

41. As a proximate result of said false representations by Defendant, Decedent sustained the fatal injuries and damages herein above set forth.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as hereinafter set forth.

## SEVENTH CAUSE OF ACTION - FAILURE TO WARN

42. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if the matters contained therein were repeated verbatim.

43. At all times herein mentioned when Defendant designed, manufactured, assembled, tested, inspected, packaged, labeled, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, supplied, and sold said 2000 Harley-Davidson motorcycle, and all component parts thereof including but not limited to the aforementioned circuit breaker and all component parts thereof, as hereinbefore set forth, Decedent's motorcycle was defective as a result of the Defendant's failure to give a clear, specific, and adequate warning by sign, label or otherwise as to said vehicle's dangers, thereby making Decedent's vehicle unsafe for its intended purpose.

44. On March 17, 2004, Defendant notified the Director of Defects Investigation, National Highway Traffic Safety Administration (hereinafter "NHTSA") of the defect complained of herein and letters were sent out pursuant to the recall action thereon on or about June 10, 2004.

45. Decedent's motorcycle was not included within the recall population to which letters had been sent on or about June 10, 2004.

46. On or about June 22, 2004, Defendant notified NHTSA that certain 1999-2000 model year FLHP Touring and Police model motorcycles (an additional 769 motorcycles including the Decedent's) had been "inadvertently" omitted from the listing of motorcycles subject to the recall campaign.

47 Defendant was negligent in failing to include Decedent's motorcycle in the initial listing of motorcycles subject to the recall.

48. That as a proximate result of Defendant's negligence, as aforementioned, Decedent did not get the warning in time and sustained the fatal injuries and damages hereinbefore set forth.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as hereinafter set forth.

## CLAIM FOR PUNITIVE DAMAGES

49. Plaintiff hereby incorporates by reference all prior paragraphs as if the matters contained therein were repeated verbatim.

50. Defendant designed, manufactured, assembled, tested, inspected, packaged, labeled, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, supplied, and sold said 2000 Harley-Davidson motorcycle, and all component parts thereof including but not limited to the aforementioned circuit breaker and all component parts thereof, as hereinbefore set forth, products which Defendant knew, or should have known, to be dangerous and defective for the

purpose for which they intended it to be used, namely for transportation and sport riding on streets and highways designed for vehicular use. At all times herein mentioned, prior to the that Decedent's motorcycle was used by Decedent herein, the Defendant knew or should have known, as a result of studies, tests, research, complaints of consumers and other information, that the Decedent's vehicle was defective or was likely to be defective, which would cause serious injury and damage to the user of the said motor vehicle, thereby threatening the life and health of the consumer. Additionally, and at all of said time, the Defendant knew that the said motorcycle had defects and had caused serious injury and damage to other users of the same.

51.     At all times herein mentioned, Defendant, despite the actual knowledge described herein above, intentionally suppressed the aforementioned results, prior incidences of defective motorcycles and circuit breaker, complaints and other information to keep such knowledge from the general public, and failed to take any steps to warn the Decedent, or other members of the general public of the dangers of using said motor vehicle until it was too late for the Decedent.

52.     At all times herein mentioned, Defendant had actual knowledge of the facts herein above alleged demonstrating that serious and fatal injury to users of the said motor vehicle, including Decedent could very well occur. Defendant, nevertheless, deferred notifying NHTSA, the general public, the purchasers of the affected motorcycle, and the Decedent, until it was too late for the Decedent in order to increase the profit of Defendant from the sale of the motor vehicles.

53.     As a proximate cause of said defects and the acts and conduct of Defendant, as herein above alleged, Decedent sustained the injuries and damages herein above set forth.

54.     The acts and conduct of Defendant in allowing such an extremely dangerous motor vehicle to be used by a member of the general public, including the Decedent herein, constitutes

fraud, malice, and oppression toward Decedent, and a willful and conscious disregard of the safety of Decedent herein. Plaintiffs are therefore entitled to punitive damages, which would serve to punish and make an example of the Defendant as the Court may deem just and proper.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. General damages in an amount to be determined according to proof, but exceeding the sum of Seventy Five Thousand ($75,000.00) Dollars.

2. Funeral and burial expenses, loss of support and other expenses according to proof.

3. Interest on the amount of judgment commencing from the filing of an offer of proof.

4. Prejudgment interest on those damages attributable to an ascertainable economic value.

5. Costs of suit herein.

6. Punitive damages according to proof; and

7. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury.

Dated:      July 13, 2006

                      **Law Offices of**
                      **Lawrence S. Katkowsky, P.C.**

                      Lawrence S. Katkowsky
                      30200 Telegraph Road, Ste. 430
                      Bingham Farms, Michigan 48025
                      Telephone:    (248)901-3400
                      Facsimile:     (248)901-3401

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

06 CV 1486 JM  LSP

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MICHELLE FORSYTH individually and as personal representative of the Estate of Decedent SCOTT ALL FORSYTH

**DEFENDANTS** HARLEY-DAVIDSON MOTOR COMPANY, INC.

06 JUL 24 PM 4:24

(b) County of Residence of First Listed Plaintiff: Genesee County, Michigan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lawrence S. Katkowsky (P15740)
30200 Telegraph Rd., Ste. 430
Bingham Farms, MI 48025 (248-901-3400)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [X] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [X] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | FEDERAL TAX SUITS | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 740 Railway Labor Act | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 555 Prison Condition | | [ ] 871 IRS—Third Party 26 USC 7609 |
| | | | | [ ] 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
WRONGFUL DEATH   28 U.S.C. §1332

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: July 19, 2006

SIGNATURE OF ATTORNEY OF RECORD: Lawrence S. Katkowsky

FOR OFFICE USE ONLY
RECEIPT # 172457  AMOUNT $350  APPLYING IFP 1/2 7/24/06  JUDGE _____  MAG. JUDGE _____



JS 44 Reverse (Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs-Defendants. Enter name (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name o... in a government agency, identify first the agency and then the official, giving both...

   (b.) County of R... e name of the county where the first listed plaintiff resides at the time of filing. In... d defendant resides at the time of filing. (NOTE: In land condemnation cases, the... and involved.)

   (c) Attorneys. E... If there are several attorneys, list them on an attachment, noting in this section "(...

II.  Jurisdiction. T... quires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes... the order shown below.

United States plaintiff.  and officers of the United States, are included here.

United States defendant  icies, place an "X" in this box.

Federal question. (3) T... r the Constitution of the United States, an amendment to the Constitution, an act... S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 c...

Diversity of citizenship  itizens of different states. When Box 4 is checked, the citizenship of the differe... ictions take precedence over diversity cases.)

III.  Residence (citiz... ted if diversity of citizenship was indicated above. Mark this section for each pri...

IV.  Nature of Suit... ermined, be sure the cause of action, in Section IV below, is sufficient to enable the... termine the nature of suit. If the cause fits more than one nature of suit, select the...

V.  Origin. Place a...

Original Proceedings. (

Removed from State Co... strict courts under Title 28 U.S.C., Section 1441. When the petition for removal...

Remanded from Appella... further action. Use the date of remand as the filing date.

Reinstated or Reopened,  urt. Use the reopening date as the filing date.

Transferred from Anoth... 1404(a) Do not use this for within district transfers or multidistrict litigation tr...

Multidistrict Litigation,... ct under authority of Title 28 U.S.C. Section 1407. When this box is checked, do n...

Appeal to District Judge  nagistrate judge's decision.

VI.  Cause of Action  e a brief description of the cause.

VII.  Requested in C... lass action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

---

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 127457 - A3
July 24, 2006

| Code | Case # | Qty | Amount |
|---|---|---|---|
| CV086900 | 3-06-CV-1486 | | 60.00 CH |
| | Judge - HILLER | | |
| CV510300 | | | 190.00 CH |
| CV086400 | | | 100.00 CH |

Total -> 350.00

FROM: CIVIL FILING
FORSYTH V. HARLEY DAVIDSON
MOTOR CO., INC
3CH7434    KD